# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**NOVELINE BRANT,**
**Claimant Below, Petitioner**

**FILED**

August 1, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-0803**  (BOR Appeal No. 2050095)
(Claim No. 2013019991)

**WEST VIRGINIA DEPARTMENT OF HEALTH & HUMAN RESOURCES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Noveline Brant, by Jerome McFadden, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Department of Health & Human Resources, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 22, 2015, in which the Board reversed a December 11, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges granted Ms. Brant's request for attorney's fees and costs arising from the litigation of the claims administrator's February 4, 2013, decision rejecting Ms. Brant's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Brant injured herself on January 24, 2013, when she fell backward while attempting to enter Welch Memorial Hospital prior to the start of her shift as a licensed practical nurse. On the date of injury, she completed an Employee Incident Report stating that she injured her left hip, right shoulder, and right knee. Ms. Brant further stated that the injury occurred as the result of a fall, which in turn occurred because her right leg would not support her while attempting to negotiate a large step. She initially sought medical treatment on January 25, 2013, in the

1

emergency department of Welch Community Hospital and reported injuring her right knee and both shoulders, with the primary injury being the left shoulder. Ms. Brant was diagnosed with bursitis of the left shoulder.

On January 28, 2013, Ms. Brant completed a Report of Injury in which she indicated that she injured her left hip, left shoulder, right shoulder, and right knee when she lost her balance and fell after instability in her right leg would not allow her to negotiate a step. On January 30, 2013, Ms. Brant completed a second Report of Injury in which she indicated that she injured her right shoulder, right knee, and left hip. The physician's portion of the application indicates that the injured body part is bursitis of the shoulder. Also on January 30, 2013, Ms. Brant gave a recorded statement to a representative of the claims administrator. She indicated that she injured her left hip, right knee, both shoulders, and her left forearm. On January 31, 2013, Ms. Brant completed yet another injury report in which she indicated that she injured her left hip, right knee, left shoulder and shoulder blade, right shoulder and shoulder blade, and right forearm. On February 4, 2013, the claims administrator rejected Ms. Brant's application for workers' compensation benefits based upon a finding that she did not sustain an injury in the course of and resulting from her employment. The claims administrator further indicated that the basis for its decision was its own investigation of the claim.

On December 3, 2013, Ms. Brant testified in a hearing before the Office of Judges. She testified that on January 24, 2013, she injured both shoulders and both hips when she fell while attempting to use an alternate entrance to her workplace. Further, Ms. Brant testified that the emergency department treatment notes from Welch Community Hospital and the January 30, 2013, Report of Injury contain a typographical error in that they list her injury as left shoulder bursitis. On July 14, 2014, the Office of Judges reversed the February 4, 2013, claims administrator's decision rejecting the claim and held the claim compensable for bursitis of the left shoulder.[1] Following the reversal of the claims administrator's February 4, 2013, decision, Ms. Brant filed a petition for attorney's fees and costs arising from the litigation of the February 4, 2013, claims administrator's decision.

In its decision dated December 11, 2014, the Office of Judges granted Ms. Brant's September 12, 2014, petition for attorney's fees and costs. However, in its decision dated July 22, 2015, the Board of Review reversed the decision of the Office of Judges and held that Ms. Brant is not entitled to an award of attorney's fees and costs stemming from the litigation of the February 4, 2013, claims administrator's decision. On appeal, Ms. Brant asserts that the claims administrator did not have a reasonable basis for the denial of her application for workers' compensation benefits and, therefore, she is entitled to an award of attorney's fees and costs stemming from the litigation required to obtain a reversal of the February 4, 2013, claims administrator's decision.

West Virginia Code § 23-2C-21(c) (2015) provides:

---

[1] The July 14, 2014, decision of the Office of Judges holding the claim compensable was not appealed by either party.

2

Upon a determination by the Office of Judges that a denial of compensability, a denial of an award of temporary total disability or a denial of an authorization for medical benefits was unreasonable, reasonable attorney's fees and the costs actually incurred in the process of obtaining a reversal of the denial shall be awarded to the claimant and paid by the private carrier or self-insured employer which issued the unreasonable denial. A denial is unreasonable if, after submission by or on behalf of the claimant, of evidence of the compensability of the claim, the entitlement to temporary total disability benefits or medical benefits, the private carrier or self-insured employer is unable to demonstrate that it had evidence or a legal basis supported by legal authority at the time of the denial which is relevant and probative and supports the denial of the award or authorization.

The Office of Judges found that the evidentiary record upon which it based its July 14, 2014, decision holding the claim compensable did not contain any basis upon which the claims administrator could have rejected the claim. The Office of Judges further found that the West Virginia Department of Health & Human Resources' closing argument dated April 2, 2014, does not contain any legal basis supporting the claims administrator's denial of the claim. The Office of Judges therefore concluded that the claims administrator's rejection of Ms. Brant's application for workers' compensation benefits was unreasonable and granted her an award of attorney's fees and costs.

In its decision reversing the Office of Judges' Order, the Board of Review found that in the July 14, 2014, decision holding the claim compensable, even the Office of Judges acknowledged that Ms. Brant's inconsistent representations regarding the body parts she injured contributed to the confusion surrounding the circumstances of the injury. Additionally, the Board of Review found that in the July 14, 2014, decision, the Office of Judges found Ms. Brant's explanation characterizing the reported diagnosis of left shoulder bursitis as a typographical error unsatisfactory. Further, the Board of Review took note of the West Virginia Department of Health & Human Resources' argument that the information available to the claims administrator at the time of its rejection of Ms. Brant's claim failed to establish that she sustained an injury in the course of and resulting from her employment because she alleged that she sustained multiple injuries to inconsistent body parts. Finally, the Board of Review concluded that the West Virginia Department of Health & Human Resources has demonstrated that it was in possession of evidence or had a legal basis at the time of the claims administrator's rejection of the claim which supported the rejection of the claim. Therefore, the Board of Review held that the claims administrator's rejection of the claim was not unreasonable and denied Ms. Brant's petition for attorney's fees and costs.

We agree with the reasoning and conclusions of the Board of Review. Ms. Brant has continually alleged that she injured differing body parts, a conundrum which even the Office of Judges acknowledged created great confusion surrounding the circumstances of Ms. Brant's application for workers' compensation benefits. In light of this alone, the Board of Review

properly determined that the claims administrator's initial rejection of Ms. Brant's application for workers' compensation benefits was not unreasonable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 1, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II